Dear Dr. Antonio:
This is in response to your request for an opinion of this office on the following questions:
 1. Is the State Auditor to audit the accounts of all circuit courts and all divisions of the circuit courts?
 2. If the answer to question 1 is no, in counties which have a county auditor, is the county auditor to audit the accounts of the circuit court and divisions of the circuit court within that county?
 3. If the answer to question 1 is no, is it legally permissible for a county court to hire a certified public accountant to audit the accounts of the circuit court and divisions of the circuit court within that county?
Article IV, Section 13, Missouri Constitution, states:
 The state auditor shall have the same qualifications as the governor. He shall establish appropriate systems of accounting for all public officials of the state, post-audit the accounts of all state agencies and audit the treasury at least once annually. He shall make all other audits and investigations required by law, and shall make an annual report to the governor and general assembly. He shall establish appropriate systems of accounting for the political subdivisions of the state, supervise their budgeting systems, and audit their accounts as provided by law. No duty shall be imposed on him by law which is not related to the supervising and auditing of the receipt and expenditure of public funds. [Emphasis added.]
Section 29.200, RSMo 1978, states:
 The state auditor shall postaudit the accounts of all state agencies and audit the treasury at least once annually. Once every two years, and when he deems it necessary, proper or expedient, the state auditor shall examine and postaudit the accounts of all appointive officers of the state and of institutions supported in whole or in part by the state. He shall audit any executive department or agency of the state upon the request of the governor. [Emphasis added.]
Section 29.230.1, RSMo Supp. 1982, states:
 In every county which does not elect a county auditor, the state auditor shall audit, without cost to the county, at least once during the term for which any county officer is chosen, the accounts of the various county officers supported in whole or in part by public moneys. The audit shall be made as near the expiration of the term of office as the auditing force of the state auditor will permit. [Emphasis added.]
In Opinion No. 67-77, Keyes, 1977, this office concluded that clerks of courts of common pleas, magistrate courts, probate courts and the St. Louis Court of Criminal Corrections were county officers for purposes of Section 29.230, RSMo 1969. Because county auditors are elected in noncharter first and second class counties, Sections 55.040 and 55.050, RSMo 1978, and county officers, such as county auditors, are provided for by charter in first class charter counties, see Article VI, Section18(b), Missouri Constitution, the effect of the 1977 opinion and Section 29.230.1, RSMo 1969, was to authorize the State Auditor to audit the accounts of "court clerks" only in third and fourth class counties. Since the issuance of our 1977 opinion, certain changes have been wrought by the adoption of C.C.S.S.J.R. 24, 1976 Mo. Laws 819 (adopted August 3, 1976; effective January 2, 1979), sometimes known as the "Judicial Article Amendment", and the Court Reform and Revision Act of 1978, H.B. 1634, 1978 Mo. Laws. 696. These changes have made the circuit courts agencies of the State of Missouri. Accounts of the circuit courts and all divisions of the circuit courts in the custody of officers or employees of the circuit courts, e.g., circuit and division clerks, are subject to audit pursuant to Article IV, Section 13, Missouri Constitution, and Section 29.200, RSMo 1978. Accordingly, our 1977 opinion is withdrawn.
The Judicial Article Amendment contains Article V, Section 1, Missouri Constitution, which states:
 The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts.
Under this constitutional provision, the General Assembly is without authority to create local courts. See, State TaxCommission v. Administrative Hearing Commission, 641 S.W.2d 69,76 (Mo. banc 1982).[1]
Article V, Section 15, Missouri Constitution, states:
 1. The state shall be divided into convenient circuits of contiguous counties. In each circuit there shall be at least one circuit judge. The circuits may be changed or abolished by law as public convenience and the administration of justice may require, but no judge shall be removed from office during his term by reason of alteration of the geographical boundaries of a circuit. Any circuit or associate circuit judge may temporarily sit in any other circuit at the request of a judge thereof. In circuits having more than one judge, the court may sit in general term of in divisions. The circuit judges of the circuit may make rules for the circuit not inconsistent with the rules of the supreme court.
 2. Each circuit shall have such number of circuit judges as provided by law.
 3. The circuit and associate circuit judges in each circuit shall select by secret ballot a circuit judge from their number to serve as presiding judge. The presiding judge shall have general administrative authority over the court and its divisions.
 4. Personnel to aid in the business of the circuit court shall be selected as provided by law or in accordance with a governmental charter of a political subdivision of this state. Where there is a separate probate division of the circuit court, the judge of the probate division shall, until otherwise provided by law, appoint a clerk and other nonjudicial personnel for the probate division.
Sections 478.073 to 478.185, RSMo 1978 and Supp. 1982, divide the State of Missouri into forty-four judicial circuits. Most of these circuits contain more than one county. Although some of the statutes describing these judicial circuits divide the circuits into divisions, see, e.g., Section 478.513, RSMo 1978 (Greene County), we understand the reference to divisions in your question to be to divisions of the circuit courts that have specialized and limited jurisdiction, e.g., the juvenile divisions, Section 478.063, RSMo 1978, probate divisions, Section478.260, RSMo 1978, small claims courts, Chapter 482, RSMo 1978 and Supp. 1982, and municipal divisions, Section 479.010 and479.020.5, RSMo 1978.
Under this unified court system, there are only three types of courts — the Supreme Court of Missouri, the Missouri Courts of Appeals, and the various circuit courts. Each of these types of courts is an agency of the State of Missouri vested with the State's judicial powers.
Section 478.063, RSMo 1978, requires the circuits to designate a juvenile division of the circuit court. Section478.260, RSMo 1978, establishes "a probate division of the circuit court . . . ." Section 482.300, RSMo 1978, provides for the maintenance of a separate "small claims" docket by each judge of a circuit court hearing small claims. Section 479.010, RSMo 1978, provides: "Violations of municipal ordinances shall be tried only before divisions of the circuit court as hereinafter provided in this chapter."
The language employed by the General Assembly in establishing each of the divisions of the circuit courts, including the juvenile, municipal, and probate divisions, shows a clear intent that each of the limited jurisdiction divisions is but a part of the circuit court. Because each such division is vested with elements of the State's judicial power pursuant to Article V, Section 1, Missouri Constitution, we believe the State Auditor's duty to audit extends to the circuit courts and all divisions thereof.
CONCLUSION
It is the opinion of this office that the State Auditor must audit the accounts of the circuit courts and all divisions of the circuit courts pursuant to Article IV, Section 13, Missouri Constitution, and Section 29,200, RSMo 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Prior to the adoption of the Judicial Article Amendment, Article V, Section 1, Missouri Constitution (as adopted pursuant to S.C.S.S.J.R. 16, 1969 Mo. Laws 588, 589) stated:
 The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, circuit courts, probate courts, the St. Louis courts of criminal correction, the existing courts of common pleas, magistrate courts, and municipal corporation courts.